[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

FILED
SEP 20 2017 YS
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

SLOBODANKA NESTOROVIC )
_____ )
                         )
Plaintiff(s),            )
                         )
v.    MWRDGC             )
_____ )
                         )
_____ )
Defendant(s).            )

1:17-cv-6807
Judge Rebecca R. Pallmeyer
Magistrate Judge Maria Valdez

# COMPLAINT OF EMPLOYMENT DISCRIMINATION

1. This is an action for employment discrimination.

2. The plaintiff is SLOBODANKA NESTOROVIC of the county of ORANGE in the state of CA.

3. The defendant is MWRDGC, whose street address is 100 E. ERIE ST.,
(city) CHICAGO (county) COOK (state) IL (ZIP) 60611
(Defendant's telephone number) (312) - 751-5600

4. The plaintiff sought employment or was employed by the defendant at (street address)
100 E. ERIE ST. (city) CHICAGO
(county) COOK (state) IL (ZIP code) 60611

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

Rev. 06/27/2016

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

5.  The plaintiff [*check one box*]

    (a) ☐ was denied employment by the defendant.

    (b) ☐ was hired and is still employed by the defendant.

    (c) ☑ was employed but is no longer employed by the defendant.

6.  The defendant discriminated against the plaintiff on or about, or beginning on or about, (month) 11 , (day) 20 , (year) 2015 .

7.1 *(Choose paragraph 7.1 or 7.2, do not complete both.)*

    (a) The defendant is not a federal governmental agency, and the plaintiff [*check one box*] ☑has ☐has not filed a charge or charges against the defendant asserting the acts of discrimination indicated in this complaint with any of the following government agencies:

        (i) ☑ the United States Equal Employment Opportunity Commission, on or about

            (month) NOVEMBER (day) 17TH (year) 2016 .

        (ii) ☐ the Illinois Department of Human Rights, on or about

            (month)_____ (day)_____ (year)_____ .

    (b) If charges *were* filed with an agency indicated above, a copy of the charge is attached. ☑ Yes, ☐ No, **but plaintiff will file a copy of the charge within 14 days.**

    It is the policy of both the Equal Employment Opportunity Commission and the Illinois Department of Human Rights to cross-file with the other agency all charges received. The plaintiff has no reason to believe that this policy was not followed in this case.

7.2 The defendant is a federal governmental agency, and

    (a) the plaintiff previously filed a Complaint of Employment Discrimination with the

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

Rev. 06/27/2016

2

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

defendant asserting the acts of discrimination indicated in this court complaint.

☐ Yes (month)_____ (day)_____ (year)_____

☐ No, did not file Complaint of Employment Discrimination

(b) The plaintiff received a Final Agency Decision on (month)_____

(day)_____ (year)_____.

(c) Attached is a copy of the

(i) Complaint of Employment Discrimination,

☐ Yes ☐ No, but a copy will be filed within 14 days.

(ii) Final Agency Decision

☐ Yes ☐ N0, but a copy will be filed within 14 days.

8. *(Complete paragraph 8 only if defendant is not a federal governmental agency.)*

(a) ☐ the United States Equal Employment Opportunity Commission has not issued a *Notice of Right to Sue.*

(b) ☑ the United States Equal Employment Opportunity Commission has issued a *Notice of Right to Sue*, which was received by the plaintiff on (month) JUNE (day) 24TH (year) 2017 a copy of which *Notice* is attached to this complaint.

9. The defendant discriminated against the plaintiff because of the plaintiff's [*check only those that apply*]:

(a) ☐ Age (Age Discrimination Employment Act).

(b) ☐ Color (Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §1981).

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

Rev. 06/27/2016

3

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

    (c) ☒ Disability (Americans with Disabilities Act or Rehabilitation Act)

    (d) ☐ National Origin (Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §1981).

    (e) ☐ Race (Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §1981).

    (f) ☐ Religion (Title VII of the Civil Rights Act of 1964)

    (g) ☒ Sex (Title VII of the Civil Rights Act of 1964)

10. If the defendant is a state, county, municipal (city, town or village) or other local governmental agency, plaintiff further alleges discrimination on the basis of race, color, or national origin (42 U.S.C. § 1983).

11. Jurisdiction over the statutory violation alleged is conferred as follows: for Title VII claims by 28 U.S.C.§1331, 28 U.S.C.§1343(a)(3), and 42 U.S.C.§2000e-5(f)(3); for 42 U.S.C.§1981 and §1983 by 42 U.S.C.§1988; for the A.D.E.A. by 42 U.S.C.§12117; for the Rehabilitation Act, 29 U.S.C. § 791.

12. The defendant [*check only those that apply*]
    (a) ☐ failed to hire the plaintiff.

    (b) ☒ terminated the plaintiff's employment.

    (c) ☐ failed to promote the plaintiff.

    (d) ☐ failed to reasonably accommodate the plaintiff's religion.

    (e) ☐ failed to reasonably accommodate the plaintiff's disabilities.

    (f) ☒ failed to stop harassment;

    (g) ☒ retaliated against the plaintiff because the plaintiff did something to assert rights protected by the laws identified in paragraphs 9 and 10 above;

    (h) ☒ other (specify): TRANSFERRED TO LESS DESIRABLE POSITION, SUBJECTED TO DIFFERENT TERMS OF EMPLOYMENT

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

SEE ATTACHED

13. The facts supporting the plaintiff's claim of discrimination are as follows:

SEE ATTACHED

14. **[AGE DISCRIMINATION ONLY]** Defendant knowingly, intentionally, and willfully discriminated against the plaintiff.

15. The plaintiff demands that the case be tried by a jury. ☑ Yes ☐ No

16. THEREFORE, the plaintiff asks that the court grant the following relief to the plaintiff [*check only those that apply*]

  (a) ☐ Direct the defendant to hire the plaintiff.

  (b) ☑ Direct the defendant to re-employ the plaintiff.

  (c) ☐ Direct the defendant to promote the plaintiff.

  (d) ☐ Direct the defendant to reasonably accommodate the plaintiff's religion.

  (e) ☐ Direct the defendant to reasonably accommodate the plaintiff's disabilities.

  (f) ☑ Direct the defendant to (specify): SEE ATTACHED
  · COURT TO ORDER THE EMPLOYER TO INTRODUCE MANAGEMENT TRAINING FOR UPPER MANAGEMENT

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

*FIND RESPONSIBLE EVERYONE WHO KNEW OR SHOULD HAVE KNOWN ABOUT RETALIATION

(g) ☑ If available, grant the plaintiff appropriate injunctive relief, lost wages, liquidated/double damages, front pay, compensatory damages, punitive damages, prejudgment interest, post-judgment interest, and costs, including reasonable attorney fees and expert witness fees.

(h) ☑ Grant such other relief as the Court may find appropriate.

_Nestorovic_
(Plaintiff's signature)

SLOBODANKA NESTOROVIC
(Plaintiff's name)

2373 SCHOLARSHIP
(Plaintiff's street address)

(City) IRVINE   (State) CA   (ZIP) 92612

(Plaintiff's telephone number) (312) - 804-1594

Date: 9/20/17

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

Rev. 06/27/2016

6

1. The Plaintiff was employed by the Defendant as a full time Assistant Civil Engineer under Jim Yurik (later Dan Feltes), Principal Civil Engineers; John Murray, Head of Department; Catherine O'Connor, Director of Engineering; David St. Pierre, Executive Director.

2. The Plaintiff was managing three out of five biggest studies done by the Defendant and was frequently getting verbal and emailed praises from the upper management for her utmost dedication, volunteering efforts, and due diligence that saved the Defendant around $30,000 in two different instances.

3. Plaintiff had three (3) quarterly satisfactory reviews (Jim Yurik, direct supervisor, explained that they were instructed not to give "exceed expectations" mark in case something happened later on, so he would add a written comment on the review form about Plaintiff doing an excellent job) and never had any written warnings about her performance during her 11.5 months of employment.

4. Plaintiff was also a 46 year old woman trying to get pregnant through IVF procedure that stood up for herself and voiced her concerns when refused to move next to the area possibly contaminated with toxic vapors, and was subsequently transferred to a less desirable position, subjected to different terms of employment, and subsequently wrongfully terminated in retaliation that sabotaged her career and forced her to move to a different state.

5. Plaintiff believes she has been discriminated against because of my sex, female, and in retaliation for engaging in protected activity, in violation of Title VII of the Civil Rights Act of 1964, as amended.

1

6. Plaintiff also believe she has been discriminated against because of disability and medical condition related to pregnancy, and in retaliation for engaging in protective activity, in violation of the Americans with Disabilities Act of1990, as amended.

7. Plaintiff believes that the discharge was contrary to the rights and procedures guaranteed to the employee in the Employee Handbook, and it violated an implied agreement between the employer and employee that each will deal with the other fairly and in good faith, where the statements in the handbook are considered binding as a written contract.

8. Sometime around Thanksgiving 2015, John Murray (Head of Department who told Jim Yurik, Plaintiff's supervisor, that pretty soon the Plaintiff will be Yurik's supervisor – that's how good he thought the Plaintiff was at her job) told the Plaintiff to get some paperwork done and submit it directly to him, rather than going though her direct supervisor, Yurik.

9. When Plaintiff went to his office to hand the paperwork, Murray wasn't in the office, so Plaintiff started to write a note for Murray when he showed up in his office and started acting unusual by walking around the Plaintiff and breathing heavily.

10. The plaintiff left his office, but she didn't go to HR because Murray was well established with over 10year of service with much higher position, and the Plaintiff was still in her first year.

11. Plaintiff went on vacation for the Thanksgiving, and upon her return, she was informed by Murray that she is to be transferred to the different floor, which happens to be the same floor where the print shop is located.

2

12. Plaintiff leads very healthy life that includes preventive self-care such as yoga, weekly acupuncture, essential oils, air purifiers at home and at work just to name a few.

13. In 2014, the Plaintiff was diagnosed with severe allergy reactions to Methylchloroisothiazolinone MCI and all its compounds and has raised her concern that the toxic solvent vapors from the two most common chemical compounds might be from the same family and could trigger back severe allergy reactions, so she asked for reasonable accommodation, which was granted.

14. Subsequently, Plaintiff was transferred to a less desirable position that was previously mentioned as a joke as Murray and Sherriff laughed about it when asking the Plaintiff to chose between health and her favorite projects that she was managing with passion, because she couldn't have it both any more.

15. At the time of the transfer, Plaintiff asked Murray who will take over her projects, and Murray said he doesn't know it yet, which proves that the decision was not made in the best interest of the MWRD.

16. It is important to note that the transfer was made under pretense that LSSS group is expanding and is therefore taking over the 6th floor, but there were at least 10 other engineers that were not part of the group and were not asked to move, as well as empty spaces and underutilized space that the Plaintiff offered to design to help out with accommodating more engineers.

17. When Plaintiff asked her supervisor, Yurik, why was she transferred to a different department almost overnight (normal procedure takes months, even years after being

3

initiated), Yurik said that he had no knowledge about it and that it is "a little vindictive", and when Plaintiff responded "a little?", Yurik said "you know what I mean".

18. Plaintiff also informed Yurik that the reason she didn't want to move next to the print shop was that she intended to continue her IVF procedure that she put on hold when she started her job at MWRD because she didn't want to get pregnant in the first year, but was planning on going through IVF treatment as soon as the projects she was managing were completed, and with IVF being such a sensitive and intense treatment, she didn't want to take any risks.

19. Plaintiff was 46 years old at that time, and the official limit for IVF procedure was 45, but since the Plaintiff started the procedure prior to turning 46, it was decided to proceed but not to wait too much longer.

20. Yurik said he will talk to Murray about that, and later on that day Yurik informed the Plaintiff that it was too late to reverse the decision about the transfer.

21. Deviation from the standard procedure leads Plaintiff to believe that she has been singled out and treated differently than most employees thus subjected to different terms and conditions of employment (including, but not limiting, having to report her breaks – to be discussed in the further text)

22. With the new transfer, Plaintiff got the new supervisor, Dan Feltes.

23. Before things escalated over the next few weeks, the Plaintiff tried to talk to O'Connor, but she said it is HR issue and she didn't want to get involved.

24. On January 6th, 2016, when Plaintiff returned from a regular 15 minute break, she was confronted by her new supervisor, Feltes, questioned about it and asked to come

4

to Murray's office where Murray and Feltes brainstormed about how to make Plaintiff's breaks more restrictive.

25. Per MWRD Employment Book, there are two daily 15-minute breaks for employees, and there are no other written rules about them.

26. Murray said he could fire Plaintiff on the spot for no reason, but he will not do that because Plaintiff is doing a good work.

27. Plaintiff cried at the meeting and she said she felt that she has been targeted unfairly in what became hostile work environment filled with intimidation.

28. Murray and Feltes decided that Plaintiff should report to Feltes every time she goes on a break and every time she comes back from that point on.

29. Murray said that he hopes the next time I am invited to his office is to be promoted, and Plaintiff felt relieved and ensured that, as long as she followed the newly appointed rules, she will not be fired at the whim.

30. Plaintiff followed the rules and reported to Feltes every day, even though no other employee was subject to those terms, and other employees were free to go on multiple cigarette breaks without a preset schedule.

31. When questioned by the judge (on a conference call to determine my eligibility for unemployment benefits), both Feltes and Murray confirmed that I was following the rules as agreed on that meeting.

32. It was also decided that, in case Feltes is not in his office, the Plaintiff should report to Justine Skawsky in the office next door.

33. On Friday 1/15, Feltes was out of the office, and when Plaintiff reported to Skawski, she told her what happened and that she is not sure why that unjustifiable discipline was necessary, but she has been doing it as requested.

34. Plaintiff felt embarrassed about the special rules imposed on her and didn't discus them with anyone else in the office, but it became apparent later on when she asked Murray why she was fired that it was because she complained about being subjected to different terms and conditions of employment.

35. Monday 1/18 was a holiday, on Tuesday Plaintiff was out of the office on a seminar all day, and when returned to the office on 1/20 everything looked normal when talking to supervisor Feltes about starting a new green infrastructure library, continuing daily training sessions, etc., until Feltes invited the Plaintiff for a meeting and Skawski's office.

36. When Plaintiff entered the office never knowing what is about to happen, there were Skawski and Murray.

37. Murray said: "we have decided to terminate your employment effective immediately, you need to leave the building now, and if you don't we will call the police".

38. Plaintiff set in disbelief and didn't say anything until Murray repeated those same words for the second time, after which Plaintiff asked what she did to deserve that, and Murray replied: "even after our conversation, you were still questioning the rules", and after that he repeated for the third time that she is terminated and that he will call the police if she doesn't leave the building immediately, after which she said that there's no need to call the police on her and she was escorted by Feltes.

6

39. There was no HR present, and there was no paperwork handed or signed on that day.

40. The following week, the Plaintiff received the letter from David St. Pierre dated 1/26 stating that the Plaintiff didn't provide satisfactory services as a reason for my termination, even though all of her reviews were pointing to the contrary.

41. MWRD continued to intimidate the Plaintiff further by trying to deny her unemployment benefits claiming that she was unsubordinated during the two weeks following the incident with taking a break, and therefore dismissed for misconduct; however, when questioned by the Judge on the conference call, both Murray and Feltes couldn't come up with any other example of the Plaintiff being unsubordinated, and they both agreed that she was reporting for her breaks as requested.

42. In the letter dated 1/11, O'Connor signed and recommended that the Plaintiff for termination for the same reasons, but no new incidents were listed or documented.

43. Findings of fact on Administrative Law Judge's decisions were as follows:
    a. The Plaintiff was discharged on the premises that she questioned the employer's rule imposed on her on 1/6/2016 to inform her supervisor when she left and returned from her breaks.
    b. The plaintiff followed the employer's directive regarding the breaks.
    c. There was no directive to the Plaintiff that she could not discuss the unwritten rule that was imposed on her.
    d. The Plaintiff had no prior written warnings.
    e. Conclusions:

       i. It was not proven by competent and compelling evidence that the Plaintiff willfully and deliberately violated a known and responsible policy of the employer

       ii. The Plaintiff did not commit actions in this instance that would constitute misconduct connected with work.

       iii. Accordingly, the Plaintiff was approved the unemployment benefits.

44. At the hearing, the Judge said that, even though the telephone hearing was not to determine whether or not this was a case of wrongful termination, there are grounds for it.

45. Plaintiff was fired in retaliation less than two weeks prior to one year anniversary.

46. MWRD Employee handbook 8.063: conclusion of probation and permanent appointment:

    a. Not later than the 220th day worked by the probationary appointee during the probationary period, the Director of HR shall provide the Executive Director with a probationary report form to be executed within 20 calendar days (September 10 & September 30)

    b. The latest satisfactory review was dated 10/26 where Yurik wrote: Boba has done excellent job, and prior to that 7/15: Boba has fit in well and will be valuable employee.

47. MWRDGC Anti-Harassment, Anti-Discrimination and Anti-Retaliation Policies:

    a. Free from harassment and discrimination based on: pregnancy related condition, complain or allegation of harassment, non verbal, visual,

   intimidating hostile environment, singling out an employee, intentional and unintentional discrimination, retaliation, adverse action such as termination

  b. Managers or supervisors who learn directly or indirectly of any behavior that violates policies must report it.

48. Plaintiff believes that managers knew or should have known about the violations and discriminatory behaviors, and even knows about other cases of violations.

49. As a direct and proximate result of intentional discrimination act and wrongful termination, the Plaintiff suffered stress, emotional distress and mental pain and suffering, and incurred special damages including loss of income and legal expenses that prohibited her from pursuing her dream of becoming a mother though IVF treatment.

50. At the appropriate time in this litigation, Plaintiff shall amend her complaint to assert a claim for punitive damages against Defendant in order to compensate for the willful and intentional retaliation with conscious indifference to consequences, and to deter the Defendant from repeating discriminatory and retaliatory actions in the future.

Sincerely,

*[signature]*

Slobodanka Nestorovic

2373 Scholarship

Irvine CA 92612

9

EEOC Form 5 (5/01)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | [ ] FEPA  [X] EEOC | 440-2017-00785 |

Illinois Department Of Human Rights and EEOC
*State or local Agency, if any*

| Name (indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Slobodanka Nestorovic | (949) 891-7342 | [redacted] |

Street Address: 233 E. Erie St., Apt. 1903, Chicago, IL 60611

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| METROPOLITAN WATER RECLAMATION DISTRICT OF GREATER CHICAGO | 500+ | (312) 751-5600 |

Street Address: 100 E. Erie St., Chicago, IL 60611

RECEIVED EEOC
NOV 17 2016
CHICAGO DISTRICT OFFICE

DISCRIMINATION BASED ON (Check appropriate box(es).)

[ ] RACE  [ ] COLOR  [X] SEX  [ ] RELIGION  [ ] NATIONAL ORIGIN
[X] RETALIATION  [ ] AGE  [X] DISABILITY  [ ] OTHER (Specify below.)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest — Latest: 01-26-2016
[ ] CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I was hired by Respondent on or about February 2, 2015 as an Assistant Civil Engineer. During my employment, I informed Respondent of my medical condition and need for a reasonable accommodation, which was granted. Subsequently, I was subjected to different terms and conditions of employment, including but not limited to, being required to report breaks. I was discharged on January 26, 2016.

I believe I have been discriminated against because of my sex, female, and in retaliation for engaging in protected activity, in violation of Title VII of the Civil Rights Act of 1964, as amended. I also believe I have been discriminated against because of my disability, and in retaliation for engaging in protected activity, in violation of the Americans with Disabilities Act of 1990, as amended.

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

NOTARY – When necessary for State and Local Agency Requirements

I declare under penalty of perjury that the above is true and correct.

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT

X 11/15/16     X [signature]
Date — Charging Party Signature

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE
(month, day, year)

EEOC Form 161 (11/09)     **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

**To:** Slobodanka Nestorovic
2373 Scholarship
Irvine, CA 92612

**From:** Chicago District Office
500 W. Madison St.
Suite 2000
Chicago, IL 60661

[ ] On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No.: |
|---|---|---|
| 440-2017-00785 | Janel Smith, Investigator | (312) 869-8136 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge.

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

Julianne Bowman, District Director     6/20/17 (Date Mailed)

Enclosure(s)

cc: **METROPOLITAN WATER RECLAMATION DISTRICT OF GREATER CHICAGO**

    C/O    Ronald M. Hill, General Counsel
           Metropolitan Water Reclamation District of Greater Chicago
           100 E. Erie St.
           Chicago, IL 60611